UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00367-RJC-DCK

| | |
|---|---|
| JEREMY LAMOND HENDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CABARRUS COUNTY SHERIFF'S ) | **ORDER** |
| OFFICE, ET AL., ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Plaintiff Jeremy Lamond Henderson's Motion for Default Judgment. (Doc. No. 11). Plaintiff, who is proceeding pro se, filed this action on June 22, 2023. (Doc. No. 1). He filed his Amended Complaint, (Doc. No. 10) on February 21, 2024, and he filed the instant motion on March 1, 2023, without moving for an entry of default.

"Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." 10A Mary Kay Kane & Adam N. Steinman, *Federal Practice and Procedure (Wright & Miller)* § 2682 (4th ed. Apr. 2023 update); *Am. Auto. Ass'n v. J & T Body Shop, Inc.*, No. 3:10-CV-00189-RJC, 2011 WL 5169399, at *1 (W.D.N.C. Oct. 31, 2011) ("In order to obtain a default judgment, a party must first seek an entry of default under Federal Rule of Civil Procedure 55(a)."). Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's

1

default." Plaintiff failed to seek an entry of default under Rule 55(a) before moving for default judgment, and thus, the motion is "procedurally improper." *See Heard v. Caruso*, 351 F. App'x 1, 16 (6th Cir. 2009).

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Default Judgment, (Doc. No. 11), is **DENIED**.

Signed: July 1, 2024

Robert J. Conrad, Jr.
United States District Judge