## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:23-cv-00367-RJC-DCK

| | |
|---|---|
| JEREMY LAMOND HENDERSON,    ) | |
|                      ) | |
|      Plaintiff,         ) | |
|                      ) | |
|      v.             ) | **ORDER** |
|                      ) | |
| CABARRUS COUNTY SHERIFF'S   ) | |
| OFFICE, et al.,          ) | |
|                      ) | |
|      Defendants.       ) | |

**THIS MATTER** is before the Court on Defendants' Motions to Dismiss, (Doc. Nos. 12, 13, 14, and 16); the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 22), recommending that this Court grant Defendant's Rule 12(b)(6) Motion to Dismiss, (Doc. No. 12), and deny as moot Defendants' remaining Motions to Dismiss, (Doc. Nos. 13, 14, and 16); Plaintiff's Objection to the M&R, (Doc. No. 23); and Plaintiff's Amended Objections to the M&R, (Doc. Nos. 24, 25).

## I.    BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II.    STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to

dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

## III.  DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. Here, Plaintiff, proceeding pro se, failed to respond to Defendants' motions to dismiss when they were before the Magistrate Judge for disposition.[1] Plaintiff's "objections" now before the Court are Plaintiff's

---

[1] On May 9, 2024, the Magistrate Judge issued a Roseboro Order setting a response deadline of May 24, 2024. (Doc. No. 18). The Roseboro Order was returned via certified mail as undeliverable. (Doc. No. 22 at 3). As the M&R noted, subsequent

first response in opposition to Defendants' motions to dismiss. (Doc. Nos. 23, 24, 25).

Plaintiff claims that he has been delayed in responding to the motions to dismiss

"due to the willful and blatant retaliation experienced . . . on behalf of the defendant

for filing this civil action." (Doc. No. 25 at 2). Plaintiff further claims that "[t]he

defendants have yet to cease and desist harassment of the plaintiff due to filing this

civil action." (*Id.*).

The Court liberally construes the pro se filings in this case. *See Haines v.*

*Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). "A pro

se complaint, however inartfully pleaded, must be held to less stringent standards

than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127

S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). However, while pro se litigants cannot "be

expected to frame legal issues with the clarity and precision ideally evident in the

work of those trained in law, neither can district courts be required to conjure up

and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775

F.2d 1274, 1276 (4th Cir. 1985).

Here, Plaintiff alleges that there is federal question jurisdiction over his

lawsuit, citing 18 U.S.C. §§ 241, 242. As the M&R concluded, "[t]hose statues are

criminal statutes, which do not provide a basis for this Court to exercise federal

question jurisdiction in a civil case." (Doc. No. 22 at 4 (citing *Monteith v. Shaia*,

2017 WL 2273171, at *4 (W.D.N.C. May 5, 2017) ("[i]t is well established that there

is no private right of action to pursue claims under federal criminal statutes")

---

court orders in this case have been issued, and there has been no docket entry
indicating that they were undeliverable. (*Id.*).

(internal quotations and citations omitted))). The M&R further concluded that because each of the individuals named in the Amended Complaint and the Cabarrus County Sheriff's Office have addresses in the Middle District of North Carolina, "venue is almost certainly improper in this district." (*Id.*). Accordingly, the Magistrate Judge recommended dismissal of this case without prejudice to Plaintiff refiling in the appropriate district under applicable law. (*Id.* at 5).

Plaintiff's "objections" now before the Court fail to direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. Rather, Plaintiff argues that this case has "absolutely nothing to do with citizenship or being a 'Sovereign Citizen,'" that he properly served Defendants, that the Court should strike "all of the redundant, slanderous, impertinent, and defamation of character statements made by the defendants and their council," that Defendants willingly caused "financial harm, defamation of character, and slander," that the Cabarrus County Sheriff's Office and many law enforcement agencies in North Carolina have a history of civil rights violations lawsuits being filed against them, and that Defendants have yet to "apologize, admit wrong or show remorse," among other things. (Doc. No. 25 at 2–4).

Nevertheless, having conducted a full review of the record, including Plaintiff's first response in opposition to Defendants' motions to dismiss now before the Court, the Court hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved. While the Court is mindful of the latitude extended to the pleadings of pro se litigants, *Haines*

4

*v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), it cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). Like plaintiffs who are represented by counsel, a pro se plaintiff must still "allege facts sufficient to state all the elements of [a] claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). Similarly, a pro se plaintiff must still prove that subject-matter jurisdiction exists. Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge as its own.

## IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 22), is **ADOPTED**;

2. Defendants' "Rule 12(b)(6) Motion Of The Defendants To Dismiss," (Doc. No. 12), is **GRANTED WITHOUT PREJUDICE to Plaintiff refiling in the appropriate district under applicable law**;

3. Defendants' "Rule 12(b)(5) Motion Of The Defendants To Dismiss," (Doc. No. 13), is **DENIED as moot**;

4. Defendants' "Rule 12(b)(3) Motion Of The Defendants To Dismiss," (Doc. No. 14), is **DENIED as moot**;

5. Defendants' "Rule 12(f) Motion Of The Defendants To Dismiss," (Doc. No. 16), is **DENIED as moot**;

6. The Clerk is directed to close this case.

Signed: January 6, 2025

Robert J. Conrad, Jr.
United States District Judge

6